[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the decision of the Hartford Zoning Board of Appeals ("Board"), granting certain sign building permits to the appellant's competitor, Metro Bulletins, Inc. ("Metro").
While the appellant, Patrick Media Group ("Patrick"), has obfuscated the nature of this appeal by skillfully intertwining the apparent denial of his own application for similar permits, this appeal does not pertain to the denial of his permit application. It pertains exclusively to the granting of permits to his competitor, Metro. It will be examined as such.
The first issue for the court to decide is aggrievement. At oral argument, the court asked for an offer of proof as to aggrievement. That offer of aggrievement was tenuous at best. The court stretches it's discretion and judicial empowerments the absolute limit here to find aggrievement. However, to render this matter more capable of final closure, and to perhaps avert continued or multiple litigation, the court finds aggrievement.
At oral argument the appellant made three arguments as to why the decision of the board should be reversed, waiving other argument. CT Page 8485
The first argument is that Metro's applications were incomplete in that they lacked correct street addresses for the proposed sign locations. The court disagrees. The subject locations do contain "addresses" expressed in distances and location. The appellant agrees that actual street numbers are required. It is not an easy task to determine whether house numbers apply to these locations, particularly so when house numbers in some instances were assigned after the applications. The court concludes that the application was not fatally defective under these facts since the present locations were easily ascertainable. In fact, it has been submitted to the court that the requested signs have been erected and the court hears no claim that they were erected in the wrong spots.
Patrick's second argument is that Metro's application violated the 30 foot minimum side yard and rear yard requirements. Patrick supports this claim by selecting frontage for this property which is not the frontage the Board used. The Hartford zoning regulations allow the election of what lot line shall be frontage. Hartford Municipal Code, Section 35-2 "lot line, front." It is obvious that the Board treated the property as fronting on the highway, Interstate 91, abutting to the east and not the frontage selected by the appellant. This claim is therefore rejected.
The third argument advanced by the appellant is that the Board allowed improper spacing between signs. These signs were erected upon approval of the appropriate agencies and are not in violation of law.
Accordingly, the appeal is denied.
CHARLES D. GILL JUDGE, SUPERIOR COURT